# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 04-4051

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Juan Gerardo Hernandez, | * | |
| also known as Chapin, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 13, 2005
Filed: February 2, 2006

_____

Before ARNOLD, HANSEN, and MURPHY, Circuit Judges.

_____

HANSEN, Circuit Judge.

Juan Gerardo Hernandez (Hernandez) filed a pro se motion for postconviction relief pursuant to 28 U.S.C. § 2255 after this court affirmed his conviction and 168-month prison sentence for conspiracy to distribute methamphetamine and possession with intent to distribute. See United States v. Hernandez, 16 F. App'x 544 (8th Cir. 2001) (unpublished). The district court[1] dismissed his motion but granted a certificate

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

of appealability on several issues. Hernandez's appeal challenges the district court's rulings regarding various sentencing issues and its application of the Federal Rules of Civil Procedure to § 2255 motions. We affirm the judgment of the district court.

## I.

After a jury trial, Hernandez was found guilty of conspiring to distribute methamphetamine and possessing methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) & 846. He was sentenced to 168 months of imprisonment, to be followed by five years of supervised release. In his direct appeal, we rejected Hernandez's claims of insufficient evidence, improper determination of drug quantity, and various sentencing errors. Hernandez's July 31, 2002, pro se motion for postconviction relief pursuant to 28 U.S.C. § 2255 set forth three claims: ineffective assistance of counsel for failure to object to the admission of evidence that lacked a proper foundation, unconstitutional sentencing due to the judge's determination of drug amounts, and a sentencing error related to whether methamphetamine was a Schedule III or Schedule II drug for sentencing purposes. Hernandez was appointed counsel in September 2002, and the district court granted him until November 15, 2002, to file an amended motion and brief to supplement his original filings.

The amended materials were filed on November 12, 2002. In them, Hernandez included the ineffective assistance and drug quantity claims from his pro se motion, but he added a second allegation of ineffective assistance of counsel, alleging failure to effectively cross-examine two witnesses. The government filed a motion to dismiss, arguing that while all the claims were meritless, the new claim of ineffective assistance was also untimely and thus barred by the statute of limitations.[2]

---

[2]The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for § 2255 motions for post conviction relief. Hernandez's time began to run when his conviction became final on October

-2-

The district court dismissed the newly asserted ineffective assistance claim as untimely and denied the sentencing claim on its merits on June 5, 2003. After conducting an evidentiary hearing on the ineffective assistance of counsel admission of evidence claim, the court also denied it.

On June 30, 2004, Hernandez filed a Motion for Reconsideration/Motion to Amend, asking the district court to reconsider the denial of his claims in light of the Supreme Court's Blakely[3] decision and requesting permission to add claims under Blakely. The district court denied this motion on August 4, 2004, finding that Blakely did not apply retroactively to cases on collateral review. On August 9, 2004, Hernandez filed a second motion asking the court for permission to amend and for reconsideration of the Blakely issue, based on this court's panel decision in United States v. Pirani, 2004 WL 1748930 (8th Cir. Aug. 5, 2004), which was vacated on August 16, 2004; and on October 15, 2004, the district court denied Hernandez's second motion for reconsideration and again held that Blakely did not apply retroactively on collateral review.

Hernandez obtained a certificate of appealability from the district court on seven issues: (1) the district court's ruling that there was no Apprendi[4] violation, (2) the August 4, 2004, ruling by the district court that Blakely did not apply retroactively

---

31, 2001. See 28 U.S.C. § 2255 (2000).

[3]Blakely v. Washington, 124 S. Ct. 2531 (2004).

[4]Hernandez refers to three United States Supreme Court cases in his sentencing arguments: United States v. Booker, 125 S. Ct. 738 (2005); Blakely, 124 S. Ct. at 2531; and Apprendi v. New Jersey, 530 U.S. 466 (2000). The certificate of appealability was obtained by Hernandez prior to the Supreme Court's decision in Booker but post-Blakely. His brief was filed subsequent to the Booker decision and his sentencing arguments include Booker.

to cases on collateral review, (3) the district court's October 15, 2004, ruling regarding the retroactivity of <u>Blakely</u>, (4) the court's ruling that Hernandez's claim of ineffective assistance of counsel on cross-examination did not relate back to the original § 2255 claim of ineffective assistance of counsel, (5) the district court's implied ruling that Federal Rule of Civil Procedure 15(c)(2) must be applied to § 2255 motions, (6) the court's finding that there were insufficient grounds for equitable tolling, and (7) the district court's ruling that the United States did not waive the statute of limitations. These issues fall into two basic categories: sentencing issues tied to <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u>, and issues related to the Federal Rules of Civil Procedure and the statute of limitations applicable in this case. While we will address each issue Hernandez raises on appeal, we will do so under these two broader categories.

## II.

"We review de novo the district court's denial of a section 2255 motion." <u>Never Misses A Shot v. United States</u>, 413 F.3d 781, 783 (8th Cir. 2005). "[A]ny underlying fact-findings are reviewed for clear error." <u>United States v. Davis</u>, 406 F.3d 505, 508 (8th Cir. 2005).

### A. Sentencing Issues

Hernandez argues that the district court erred by holding in the August 4 and October 15, 2004, orders that <u>Blakely</u> (and subsequently <u>Booker</u>) did not apply retroactively to cases on collateral review. After those orders were filed, this court issued its opinion in <u>Never Misses A Shot</u>, where we held that <u>Booker</u> was a new procedural rule that was not of "watershed" importance and that it "does not apply to criminal convictions that became final before the rule was announced." <u>Never Misses A Shot</u>, 413 F.3d at 783. Because this case is before us on collateral review, as it was in the district court, Hernandez's <u>Blakely</u> and <u>Booker</u> claims must fail.

Hernandez also claims that the court failed to apply the principles of Apprendi when he was sentenced and that his term of five years of supervised release violates the Presentment Clause, the Due Process Clause, and the Jury Trial Clause of the United States Constitution. While Hernandez's Booker and Blakely arguments fail for the reasons stated above, Apprendi was decided prior to his conviction, and consequently we look at its application here. We note that Hernandez raised no Apprendi issue in his direct appeal, but the government has not seen fit to raise that procedural default with respect to the pending § 2255 motion. See United States v. Frady, 456 U.S. 152, 165 (1982) ("a collateral challenge may not do service for an appeal").

The indictment brought against Hernandez did not charge a specific amount of methamphetamine. In its verdict, however, the jury found him responsible for 500 grams or more of a mixture containing methamphetamine or 50 grams or more of actual methamphetamine. At sentencing, the district court determined that Hernandez was responsible for at least 1.5 kilograms but less than 5 kilograms of a mixture containing methamphetamine. Hernandez contends that because no quantity was charged in the indictment, that part of his sentence which imposes five years of supervised release violates Apprendi because the court determined his sentence based on the court's finding of drug quantity.

The Supreme Court held in Apprendi that any fact, other than a prior conviction, that raises the penalty for a crime beyond the statutory maximum must be proved to a jury beyond a reasonable doubt. Apprendi, 530 U.S. at 490. Hernandez's "offenses simpliciter" are a violation of 21 U.S.C. § 841(a)(1), possessing methamphetamine with intent to distribute it, and conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846. Although the quantity of methamphetamine involved in either the conspiracy charge or the possession with intent to distribute charge was not alleged in the indictment, the jury determined by its answer to special interrogatories that the amounts involved exceeded 500 grams of

a methamphetamine mixture or 50 grams of actual methamphetamine. Those quantity findings, made by the jury using a reasonable doubt standard, triggered the provisions of 21 U.S.C. § 841(b)(1)(A)(viii) which required (at the time Hernandez committed the offenses in 1997 and 1998) a mandatory minimum period of incarceration of five years and a maximum of forty years, together with a mandatory minimum of four years of supervised release. But even if the jury's quantity findings are set aside as part of the analysis, the bare bones offenses that Hernandez was convicted of, that is the offenses in their simplest form, unadorned by any specific quantity allegation or jury quantity finding, exposed him to a maximum sentence of twenty years of confinement and a minimum term of three years of supervised release. See 21 U.S.C. § 841(b)(1)(C) (1997).[5] That statute specified no maximum term of supervised release, but 18 U.S.C. § 3583(b) set a cap of five years of supervised release for Class A felonies, which include violations of 21 U.S.C. § 841(a). See United States v. Aguayo-Delgado, 220 F.3d 926, 933 (8th Cir. 2000). Hence, Hernandez's imposed five year term of supervised release does not exceed the statutory maximum authorized by the jury's guilty verdicts (even without reference to its quantity findings). Because no statutory maximum was exceeded, there is no Apprendi violation.[6]

---

[5]All references to the United States Code provisions regarding Hernandez's offenses and punishment are to those in effect in 1997 and controlling at the time that the offenses were committed in 1997 and 1998 and which would have been used at his sentencing.

[6]While Hernandez does not raise a specific Apprendi challenge to his 168-month (14-year) sentence of incarceration, we would also find no Apprendi violation in that sentence because the maximum sentence provided by the statute is 20 years for the "offense simpliciter." See 21 U.S.C. § 841(b)(1)(C); Aguayo-Delgado, 220 F.3d at 933.

B. Statute of Limitations

Hernandez's conviction was final on October 31, 2001, ninety days after this court issued its ruling on his direct appeal. Thus, he had until October 31, 2002, to file a § 2255 motion for postconviction relief. He timely filed his pro se motion on July 31, 2002. The amended motion, filed on November 12, 2002, was outside the one-year period. As such, any claims raised for the first time in the amended motion had to relate back to the original motion to be valid under Rule 15(c)(2) of the Federal Rules of Civil Procedure. The district court held that two of the claims in the amended motion, the ineffective assistance of counsel claim related to the admission of evidence and the sentencing error claim, were considered timely because the amended claims either paralleled the original or were similar enough that they could be said to relate back. However, the court did not find that to be the case with the ineffective assistance of counsel claim for failure to effectively cross-examine witnesses, and the court dismissed it as untimely because it did not relate back to the original motion. Hernandez challenges this decision on several grounds.

Hernandez's first challenge is to the district court's application of the Federal Rules of Civil Procedure to his § 2255 motion. When the court dismissed the claim for ineffective assistance of counsel on cross-examination as untimely, it applied Federal Rule of Civil Procedure 15(c)(2) to the amended motion. Hernandez argues that the court's order implied that it was required to apply Rule 15(c)(2) and that this was in error, as he contends the court was permitted, but not required, to apply Rule 15. We respectfully disagree.

When the district court applied Rule 15(c)(2), it was following the precedent established by this court. See Mandacina v. United States, 328 F.3d 995, 1000 & n.3 (8th Cir.), cert. denied, 540 U.S. 1018 (2003) (holding that § 2255 proceedings are civil in nature and governed by the Federal Rules of Civil Procedure); United States v. Craycraft, 167 F.3d 451, 457 n.6 (8th Cir. 1999) (same); see also Ryan v. Clarke,

387 F.3d 785, 789 (8th Cir. 2004) (holding that the Federal Rules of Civil Procedure govern § 2254 cases because they are civil in nature), cert. denied, 125 S. Ct. 2526 (2005); McKay v. Purkett, 255 F.3d 660, 660-61 (8th Cir.) (per curiam) (same), cert. denied, 534 U.S. 1068 (2001). The Supreme Court recently applied Rule 15(c)(2) to an amended § 2254 motion for postconviction relief to determine if it contained claims that related back to the original filing. See Mayle v. Felix, 125 S. Ct. 2562, 2566 (2005) (relying in part on 28 U.S.C. § 2242, which states habeas applications may be amended or supplemented as provided in the rules of procedure for civil cases). We have "characterized § 2255 motions as 'the statutory analogue of habeas corpus for persons in federal custody.'" United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005) (quoting Poor Thunder v. United States, 810 F.2d 817, 821 (8th Cir. 1987)). The Supreme Court's application of Rule 15 to a § 2254 habeas case in Mayle reaffirms our application of the Civil Rules to § 2255 cases as correct. Id. at 2568-69 (resolving the conflict among circuits on the relation back issue and citing both § 2254 and § 2255 cases, including Craycraft); see also Rules Governing § 2255 Proceedings Rule 12. Based on the Supreme Court's precedent and that of this court, the district court properly applied Rule 15(c)(2).

Hernandez next argues that the court improperly determined that the claim of ineffective assistance of counsel on cross-examination did not relate back to the claim of ineffective assistance of counsel for failure to object to the admission of evidence that was in his original motion. "We review a district court's application of Rule 15(c) for an abuse of discretion." See Mandacina, 328 F.3d at 1000.

Rule 15(c)(2) states that a claim relates back when it arises out of the same "conduct, transaction, or occurrence" as the original claim. Hernandez contends that this court's interpretation of that phrase is too narrow because it looks to the specific legal claims and facts set forth in each motion. See Mandacina, 328 F.3d at 1002 (finding that an amended claim of ineffective assistance of counsel for failure to investigate did not relate back to an ineffective assistance claim for failure to discover

evidence that was filed in the original motion because the amended claim was not similar in "type" to the original claims, even though both referred to a generally similar time – conduct prior to trial); <u>Craycraft</u>, 167 F.3d at 457 (holding that failing to file an appeal was of a different time and type of ineffective assistance of counsel than failing to object to drug types used at sentencing or failing to pursue a downward departure). Hernandez argues that if a claim refers back to the trial, conviction, or sentence being challenged then that claim arises out of the same "conduct, transaction, or occurrence" as previous claims that challenge the same trial, conviction, or sentence.

The Supreme Court rejected a similar claim in <u>Mayle</u>, where the petitioner argued that a claim related back "so long as the new claim stems from the habeas petitioner's trial, conviction, or sentence." <u>Mayle</u>, 125 S. Ct. at 2570. The Supreme Court held that this definition of "conduct, transaction, or occurrence" was too broad, as "virtually any new claim . . . will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto." <u>Id.</u> Section 2255 motions share this same attribute. In order for the claims in an amended motion to relate back, the Court held that they must be of the same "time and type" as those in the original motion, such that they arise from the same core set of operative facts. <u>Id.</u> at 2566, 2571, 2574 (quoting <u>Craycraft</u>, 167 F.3d at 457).

Hernandez, like the petitioner in <u>Mayle</u>, argues that the trial itself is the "transaction" or "occurrence" that satisfies Rule 15. <u>See Mayle</u>, 125 S. Ct. at 2572. And like the petitioner in <u>Mayle</u>, this argument does not succeed. The activities in question are not tied to a "common core of operative facts" that would make relation back proper. <u>See id.</u> at 2574; <u>Craycraft</u>, 167 F.3d at 457. Hernandez's original claim referred to the admission of evidence. The amended claim referred to trial testimony and cross-examination of witnesses. The facts alleged in the original claim were not such that would put the opposition on notice that cross-examination of witnesses was

at issue. See Mandacina, 328 F.3d at 1000 (stating that "[t]he rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." (quoting Craycraft, 167 F.3d at 457)). These claims are not similar enough to satisfy the "time and type" test, nor do they arise out of the same set of operative facts. The district court did not abuse its discretion in finding that the claim of ineffective assistance of counsel on cross-examination did not relate back to the claims contained in the original motion.

Hernandez next argues that the court erred by not granting equitable tolling. We review the decision to deny equitable tolling de novo. Martin, 408 F.3d at 1093. While equitable tolling does apply to § 2255 motions, see id. at 1092, we do not find that the circumstances here warrant such relief.

There are two tests for determining when equitable tolling is appropriate: (1) if there are "extraordinary circumstances" beyond a movant's control that would keep him from filing in a timely fashion, see id. at 1093, or (2) if the government's conduct "lulled" the movant into inaction through reliance on that conduct, see Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005) (rejecting movant's argument that the state court clerk's actions "lulled" him into inaction). Equitable tolling only applies when the circumstances that cause the delay in filing are "'external to the plaintiff and not attributable to his actions.'" Id. (quoting Flanders v. Graves, 299 F.3d 974, 971 (8th Cir. 2002)). Hernandez relies on the latter of the two tests, contending that the district court's order allowing the filing of an amended claim by November 15, 2002, "lulled" him into inaction by causing him to believe he had until that date to file any and all claims, not just ones that related back to the original motion.

The court did not "lull" Hernandez into inaction. The order of the district court specifically stated that he had until November 15 to supplement his previous filings. This opportunity to supplement the original filings did not itself trigger a Rule

15(c)(2) analysis and the relation back doctrine because, on its face, it simply allowed Hernandez an opportunity to use his appointed counsel to further explain the issues raised in his pro se motion. Nothing in the order referred to the statute of limitations or to filing additional claims. We have held that "confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (internal marks omitted). There is no indication in this record that Hernandez could not have amended his motion prior to October 31, 2002, in order to bring forth new claims within the statutorily allowed time frame. Aside from the one new allegation, it appears the motion and brief filed on November 12 did just what was called for in the district court's order: supplement and explain the original filings. Whatever may have caused Hernandez to file a new claim past the statute of limitations period, they were not external to him. Based on the record, we do not find any action of the court that would have "lulled" Hernandez into inaction, and the district court's denial of equitable tolling was not in error.

The final claim raised by Hernandez is that the government waived the statute of limitations by not raising an objection to the November filing deadline. When determining if a party has waived his or her rights, we review the lower court's factual findings under a clearly erroneous standard, but we review de novo the ultimate determination of whether a waiver occurred. United States v. Caldwell, 954 F.2d 496, 504 (8th Cir.), cert. denied, 506 U.S. 819 (1992). Hernandez's argument is unpersuasive. "[T]here is an implied waiver of a defense or a right only where a party's conduct is 'so consistent with and indicative of an intention to relinquish [the right or defense] and so clear and unequivocal that no other reasonable explanation of the conduct is possible.'" Garfield v. J.C. Nichols Real Estate, 57 F.3d 662, 667 (8th Cir.) (quoting Medicare Glaser Corp. v. Guardian Photo, Inc., 936 F.2d 1016, 1021 (8th Cir. 1991) (internal marks omitted)), cert. denied, 516 U.S. 944 (1995). Nothing in the district court's order would have put the government on notice that the statute

of limitations was or would be an issue, such that would have required it to take an affirmative action to ensure that the statute of limitations was not waived. As such, we find no error in the district court's judgment that the government did not waive the statute of limitations.

## III.

Accordingly, the district court's judgment denying and dismissing Hernandez's § 2255 motion is affirmed.

_____