# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1116

_____

Jose G. Diaz-Diaz,       *
                                   *

        Plaintiff - Appellant,      *      Appeal from the United States
                                   *      District Court for the
    v.                                  *      District of Nebraska.
                                   *
United States of America,      *          [UNPUBLISHED]
                                   *
        Defendant - Appellee.      *

_____

Submitted: September 25, 2008
Filed: October 29, 2008

_____

Before RILEY, BRIGHT, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Jose G. Diaz-Diaz appeals the district court's[1] denial as successive of his second 28 U.S.C. § 2255 petition regarding a sentence of 210 months' imprisonment and five years' supervised release for conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 841 and § 846. He also appeals the district court's denial of equitable tolling. The district court granted a certificate of appealability on the grounds that Diaz-Diaz's initial motion was procedural and that there was a possible constitutional violation.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Diaz-Diaz's conviction became final on January 9, 2006, when the Supreme Court denied his petition for a writ of certiorari. Under the § 2255 statute of limitations, Diaz-Diaz had until January 9, 2007 to file his § 2255 petition, one year after his conviction became final. 28 U.S.C. § 2255(f)(1). However, Diaz-Diaz did not file until February 9, 2007, when he requested equitable tolling. The district court denied both the equitable tolling claim and Diaz-Diaz's initial § 2255 motion as untimely. Such a denial is usually considered to be made on the merits. *Villanueva v. United States*, 346 F. 3d 55, 61 (2d Cir. 2003); *Harvey v. Horan*, 278 F.3d 370, 380 (4th Cir. 2002). Diaz-Diaz's second § 2255 petition, filed on October 15, 2007, could be considered successive and require a certificate of appealability from this court.

Solely for the purposes of this appeal, we grant the certificate of appealability sua sponte. We deny relief on the merits.

This court reviews de novo a district court's denial of both a § 2255 motion and equitable tolling. *United States v. Hernandez*, 436 F.3d 851, 854-55, 858 (8th Cir. 2006). This court also reviews the underlying fact-findings for clear error. *Id.* at 855.

Diaz-Diaz claims that he is entitled to equitable tolling because the government lulled him into inaction by offering a potential sentence reduction in exchange for his testimony in another case pending in Nebraska. Diaz-Diaz also argues that although he pursued his rights diligently, he was prevented from timely filing because the government transferred him from the Federal Correctional Institution in Fort Dix to Nebraska without his legal papers, and he remained there without his legal papers for nine months and five days so that he could serve as a possible witness.

In order to justify the grant of equitable tolling, however, Diaz-Diaz must show that some government action prevented him from timely filing the petition and that he pursued his rights diligently. *Hernandez*, 436 F.3d at 858; *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008). The record shows otherwise. As early as May 2005,

Diaz-Diaz requested copies of pleadings and transcripts. He unfortunately did not receive the materials, but made no further attempts until January 5, 2007, shortly before the statute of limitations expired on January 9, 2007. Diaz-Diaz's delay of many months before following up on his request for legal materials cuts against his claim for equitable tolling. Thus, Diaz-Diaz failed to establish "diligent pursuit" of his rights.

Accordingly, we deny Diaz-Diaz relief and affirm.

_____