# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3345

_____

Frederick Dodd,

          Appellant,

v.

United States of America,

          Appellee.

\*
\*
\*
\*     Appeal from the United States
\*     District Court for the
\*     Southern District of Iowa.
\*
\*     [PUBLISHED]
\*

_____

Submitted:  April 14, 2010
Filed: July 29, 2010

_____

Before BYE, JOHN R. GIBSON, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Frederick Dodd appeals the dismissal of his 28 U.S.C. § 2255 motion as untimely, arguing that the claims made in his amended motion relate back to a timely-filed motion.  We reverse and remand as to one claim, and we affirm the dismissal of the remainder of the claims raised in the amended § 2255 motion.

I.

A jury convicted Dodd of conspiring to distribute, distributing, and possessing with the intent to distribute crack cocaine, and he received a 30-year prison sentence. We affirmed his conviction and sentence on direct appeal. See United States v. Dodd, 210 Fed. Appx. 556 (8th Cir. 2007) (unpublished). Dodd then filed a timely *pro se* motion for postconviction relief under § 2255, asserting claims of prosecutorial misconduct, as well as various claims of ineffective assistance by the four different counsel who represented him during his trial and sentencing. The district court subsequently appointed counsel to represent Dodd and directed counsel to file an amended and substituted § 2255 motion, noting that the *pro se* motion was "extremely broad" and involved "numerous claims." Counsel filed an amended motion three months later, asserting nine claims of ineffective assistance of counsel. The district court determined that only one of the nine claims in the amended motion, which was filed outside the one-year statute of limitations, related back to the original *pro se* motion. The district court dismissed as untimely the eight claims that did not relate back, and it dismissed the remaining claim on the merits. The district court granted Dodd a certificate of appealability (COA) "on the sole issue of whether [the eight claims] relate back to the original pro se motion" (Dist. Ct. R. 30, Oct. 5, 2009), and Dodd now appeals the district court's dismissal of those claims. He does not appeal the claim that was denied on the merits.

II.

Postconviction motions for relief must be filed within one year from the date that the judgment becomes final. 28 U.S.C. § 2255(f). Claims made in an untimely filed motion under § 2255 may be deemed timely if they relate back to a timely filed motion as allowed by Federal Rule of Civil Procedure 15(c). See United States v. Hernandez, 436 F.3d 851, 857 (8th Cir.) (concluding that Rule 15(c)'s relation back rules apply to § 2255 motions), cert. denied, 547 U.S. 1172 (2006). The district court

determined that eight of the nine ineffective assistance claims asserted in the amended motion were not sufficiently similar to the original claims for purposes of Rule 15(c)'s relation back rule. "'We review a district court's application of Rule 15(c) for an abuse of discretion.'" Id. (quoting Mandacina v. United States, 328 F.3d 995, 1000 (8th Cir.), cert. denied, 540 U.S. 1018 (2003)).

Claims made in an amended motion relate back to the original motion when the amendment asserts a claim that arose out of the same "conduct, transaction, or occurrence set out . . . in the original" motion. Fed. R. Civ. P. 15(c)(1)(b). To arise out of the same conduct, transaction, or occurrence, the claims must be "tied to a common core of operative facts." Mayle v. Felix, 545 U.S. 644, 664 (2005) (applying Rule 15(c) to a 28 U.S.C. § 2254 petition). An amended motion may raise new legal theories only if the new claims relate back to the original motion by "aris[ing] out of the same set of facts as [the] original claims." Mandacina, 328 F.3d at 1000. The facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim. See Hernandez, 436 F.3d at 858 (explaining the rationale for Rule 15(c)). Thus, it is not enough that both an original motion and an amended motion allege ineffective assistance of counsel during a trial. See United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance."), cert. denied, 547 U.S. 1217 (2006). The allegations of ineffective assistance "must be of the same 'time and type' as those in the original motion, such that they arise from the same core set of operative facts." Hernandez, 436 F.3d at 857 (quoting Mayle, 545 U.S. at 650, 657, 660 and holding that ineffective assistance claim alleging that counsel inadequately cross-examined two witnesses did not relate back to a claim for ineffective assistance related to counsel's failure to object to the admission of evidence lacking a proper foundation); see also Mandacina, 328 F.3d at 1002 (concluding that counsel's alleged failure to investigate the police report of an interview naming potential suspects was

not a similar type of error as allegedly failing to discover exculpatory footprints during counsel's investigation of the case); United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999) (failure to file an appeal is not the same type of error as failure to seek a downward departure or challenge the drug type at sentencing).

Dodd raised nine claims of ineffective assistance in his amended motion. The district court determined that only Claim Six, which related to counsel's failure to file a motion to suppress evidence obtained from the warrantless search of Dodd's vehicle, related to the original motion. We address the remaining eight claims.

Ground Three of the amended motion alleged that trial counsel was ineffective for failing to object to speculative testimony concerning drug quantities. Mindful of the need to construe *pro se* motions liberally, see Earl v. Fabian, 556 F.3d 717, 723 (8th Cir. 2009), we believe that the original complaint's assertion that trial counsel "[f]ailed to cross examine more than half of '**Government Witnesses**' and object to the alleged drug amounts that they testified to" (J.A. at 4 (second emphasis added)) refers to the same operative facts surrounding Ground Three raised in the amended motion. There, Dodd alleged that counsel failed to object to evidence offered by specific witnesses on the basis that their testimony as to drug quantity was too speculative, quoting the testimony from the record. These allegations refer to the same core facts—the alleged failure of Dodd's trial counsel to object to drug quantity evidence offered by Government witnesses during their direct testimony. The fact that the amended motion identifies the legal basis of the objectionable nature of the testimony as being too speculative does not change the factual similarity of the two complaints. Both the original and the amended motions identify the Government witnesses' drug quantity testimony as evidence counsel should have objected to but did not, allegedly rendering counsel's assistance ineffective. We thus respectfully disagree with the district court's assessment that the two complaints lacked similarity and conclude that Ground Three of the amended motion relates back to the original motion for purposes of Rule 15.

Having carefully reviewed the record, we agree with the district court that none of the remaining amended claims arose from the same operative facts as the allegations made in the original motion. It is not enough that the alleged errors arose during Dodd's trial, see Mayle, 545 U.S. at 650; Hernandez, 436 F.3d at 858 (rejecting claim "that the trial itself is the 'transaction' or 'occurrence' that satisfies Rule 15"), or relate generally to counsel's alleged inaction during trial, see Ciampi, 419 F.3d at 24 (amended ineffective assistance claim raising "distinct type of attorney misfeasance" does not relate back to original general ineffective assistance claim). Ground One of the amended motion asserted that counsel should have withdrawn based on an alleged conflict of interest with a particular witness. Nothing in the original motion addresses a conflict of interest or this witness. Ground Seven alleged that counsel was ineffective for letting Dodd testify or for not properly preparing him to testify. The closest issue raised in the original motion alleged that counsel failed "[t]o get witnesses for defense [sic]." (J.A. at 4.) But failing to find witnesses for the defense is not the same type of error as failing to counsel the defendant himself on whether to testify on his own behalf and the scope of his testimony.

The remaining amended claims all relate to counsel's alleged failure during trial to challenge specific evidence or testimony: Ground Two addressed evidence by an officer that people refused to provide information about Dodd because they feared him; Ground Four alleged that counsel should have objected to testimony lacking personal knowledge, describing testimony offered by specific witnesses who "assumed," "guessed," or "learned" that Dodd sold drugs; Ground Five alleged that counsel should have objected to testimony about Dodd's assaultive behavior as irrelevant and prejudicial; and Grounds Eight and Nine alleged that counsel failed to object to questions the Government asked Dodd during his cross-examination that allegedly invaded the province of the jury or shifted the burden of proof. The only challenges from the original motion related to counsel's actions during trial asserted that counsel failed to cross-examine more than half of the Government witnesses, failed to cross-examine the Government's lab experts, failed to challenge the chemical

-5-

composition of the cocaine base, and failed to seek Government inducements made to its witnesses that could have been used for impeachment.[1] The amended motion does not address the composition of the cocaine, testimony offered by the Government's lab experts, or witnesses that should have been impeached with evidence about their inducements to testify for the Government. For the amended claims to relate back to the original motion, they must therefore arise from the same operative facts as the original claim that counsel failed to cross-examine more than half of the Government's witnesses. The Government informed this court during oral argument that it put on 36 witnesses against Dodd and the trial transcript covered over 1000 pages. Particularly with this size of trial, we cannot say that the district court abused its discretion in concluding that failing to challenge specific evidence offered by the Government on direct is not the same type of error and does not arise from the same conduct, transaction, or occurrence as failing to cross-examine unnamed witnesses on unspecified grounds. See Hernandez, 436 F.3d at 858 (ineffective assistance claim related to admissibility of evidence did not arise from same facts as claim related to cross-examination of different witnesses on other topics).

One week prior to argument in this appeal, the Government filed a "Motion to Revoke or Vacate Certificate of Appealability," seeking revocation of the COA only as to Ground Three, which, the Government notes, "Dodd identifies as having a particularly strong basis for relating back to his original *pro se* motion." (Gov't's Motion to Revoke or Vacate Certificate of Appealability, at 4 (Apr. 6, 2010).) The Government argues that even if Ground Three relates back, this panel has the authority to revoke the COA on the basis that it should never have been granted

---

[1] The remaining claims in the original motion related to: pretrial motions, Dodd's speedy trial rights, removal of the case to federal court, challenges to the indictment, deals made with the prosecution without Dodd's consent, counsel's investigation of alleged drug deals, and sentencing issues. The remaining amended claims concerning objections to testimony offered at trial are not similar in time, let alone in type, to these claims.

because it failed to satisfy the standard for granting a COA, namely that Dodd failed to "ma[k]e a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Government relies on <u>Slack v. McDonald</u>, 529 U.S. 473 (2000), for its argument. This reliance is misplaced. In <u>Slack</u>, the Supreme Court explained that a habeas petition dismissed on procedural grounds in the district court raises two distinct issues on appeal: 1) the propriety of the procedural ruling, and 2) the underlying constitutional claim. <u>Id.</u> at 484-85. Similar to the case before us, the district court in <u>Slack</u> did not reach the merits of the constitutional claims because it found the claims to be procedurally barred on the basis that the petition was a second or successive petition. <u>Id.</u> at 479. The Supreme Court concluded that the petition was not in fact a successive petition, reversing the district court's procedural ruling, but it refused to "attempt to determine whether [the prisoner] could make the required showing of constitutional error, for the issue was neither briefed nor presented below." <u>Id.</u> at 485.

<u>Khaimov v. Crist</u>, where we relied on <u>Slack</u> to revoke as "improvidently granted" a COA that a panel of our court had granted, <u>see</u> 297 F.3d 783, 785 (8th Cir. 2002), does not change our view. Avoiding the thorny procedural questions raised, the <u>Crist</u> panel addressed the more clear-cut constitutional issues and disposed of the case by revoking the COA because the claims failed as a matter of law. <u>Id.</u> (rejecting as a matter of law a prisoner's Sixth Amendment claim based on his public defender's state funding). Here, Dodd's surviving ineffective assistance claim raises the factual issue of whether the Government witnesses' testimony was indeed speculative, a claim that will require a review of the lengthy record and the remaining evidence. It is not a claim that we can say fails as a matter of law.

In essence, the Government urges us to reach the merits of Ground Three if we determine that it relates back to the original motion. Generally, "[a]ppellate review

is limited to the issues specified in the certificate of appealability." DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000). The COA in this case was limited to the "sole issue" of whether the claims made in the amended motion relate back to the original motion; it did not include the merits of any of the claims. Although our *en banc* court made clear that DeRoo and its progeny "should not be read as foreclosing the right of an Eighth Circuit hearing panel to exercise its discretion to consider *sua sponte* issues beyond those specified in a certificate of appealability," United States v. Morgan, 244 F.3d 674, 675 (8th Cir.) (en banc) (per curiam), cert. denied, 534 U.S. 825 (2001), we do not believe this to be an "appropriate circumstance[]" in which to do so, Sanders v. Norris, 529 F.3d 787, 789 (8th Cir. 2008) (recognizing that we may reach issues not included in a COA "in appropriate circumstances," but declining to do so where the claim was procedurally defaulted). Dodd did not ask us to reach the merits of the claim made in Ground Three, neither party briefed the merits of any of the claims to this court, and the district court did not address them in the first instance. We therefore deny the Government's Motion to Revoke the COA, and we remand for the district court to address the merits of Ground Three.

## III.

The judgment of the district court is reversed, and the case is remanded only as to Ground Three; the judgment dismissing the remaining claims is affirmed.

_____