Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/18/2018 09:09 AM CDT

State of Nebraska, appellee, v.
Dan M. Liner, appellant.

___ N.W.2d ___

Filed September 11, 2018.    No. A-17-778.

1. **Postconviction: Proof: Appeal and Error.** A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.

2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.

3. **Postconviction: Limitations of Actions: Words and Phrases: Appeal and Error.** For purposes of Neb. Rev. Stat. § 29-3001(4)(a) (Reissue 2016), the "conclusion of a direct appeal" occurs when a Nebraska appellate court issues the mandate in the direct appeal.

4. **Rules of the Supreme Court: Postconviction.** Postconviction proceedings are not governed by the Nebraska Court Rules of Pleading in Civil Cases.

5. **Actions: Pleadings.** A cause of action pleaded by amendment ordinarily relates back to the original pleading, provided that claimant seeks recovery on the same general set of facts.

Appeal from the District Court for Buffalo County: William T. Wright, Judge. Affirmed.

Dan M. Liner, pro se.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

Pirtle, Riedmann, and Welch, Judges.

Riedmann, Judge.

## INTRODUCTION

Dan M. Liner appeals the order of the district court for Buffalo County which denied him postconviction relief. Because his amended motion for postconviction relief is time barred, we affirm.

## BACKGROUND

Liner was charged in November 2013 with various drug and weapons offenses. In September 2014, he filed motions to discharge the charges on speedy trial grounds. The district court denied the motions to discharge, and Liner appealed to this court, which appeals were docketed as cases Nos. A-14-819 and A-14-820. On March 24, 2015, we affirmed in a memorandum opinion, and on April 28, a mandate was issued in each case. Thereafter, Liner entered a no contest plea to one count of possession of a deadly weapon by a prohibited person and stipulated to being a habitual criminal. He was sentenced to 15 to 20 years' imprisonment. Liner appealed, assigning only that he received an excessive sentence, which appeal was docketed as case No. A-15-771. This court summarily affirmed the sentence on January 8, 2016, and issued its mandate on February 18.

On December 1, 2016, Liner filed a pro se verified motion for postconviction relief. His motion contained nine grounds for relief. Specifically, he alleged that (1) his plea of no contest was entered unintelligently because the State failed to adequately advise him on the record of the maximum penalty, (2) the district court lacked jurisdiction to accept his plea when it also failed to properly advise him of the maximum penalty, (3) the district court failed to advise him on the record of the maximum term of incarceration he would be required to serve before obtaining mandatory release, (4) the district court lacked subject matter jurisdiction to sentence him for the reasons previously set forth, (5) trial counsel was ineffective in failing to alert the court of the State's failure

to adequately advise him of the maximum penalty, (6) trial counsel was ineffective in failing to object to the court's failure to advise him of the maximum term he must serve before mandatory release, (7) trial counsel was ineffective in failing to object to the impermissible sentence imposed by the court for the reasons previously set forth, (8) trial counsel was ineffective in failing to object to each claim set forth in the postconviction motion, and (9) appellate counsel was ineffective in failing to raise on direct appeal the claims set forth in the postconviction motion.

On March 1, 2017, Liner moved for leave to file an amended motion for postconviction relief. The district court granted leave to amend, and Liner filed an amended motion on April 19. The amended motion included only one ground for relief: Appellate counsel was ineffective in failing to raise on direct appeal that trial counsel was ineffective in failing to file a second motion for discharge on speedy trial grounds. The State filed a motion to dismiss the amended motion, alleging, as relevant here, that the amended motion was filed outside the limitation period set forth in the Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2016).

The district court held a hearing on the amended motion and corresponding request for an evidentiary hearing, the State's motion to dismiss, and Liner's objections to the motion to dismiss. The court subsequently entered an order, which purported to both grant the motion to dismiss and deny the amended motion for postconviction relief. The court first determined that the sole issue raised in the amended motion was raised or could have been raised in the course of the interlocutory appeal Liner filed in September 2014 after the court denied his motion for discharge. Additionally, the court found that because Liner's conviction was plea based, he waived many of his rights, including his right to complain about errors at the plea and sentencing hearing. Finally, the court concluded that the amended motion for postconviction relief did not relate back to the original motion because it raised an

entirely different issue and that therefore, because it had been filed more than 1 year after the conviction became final, it was untimely. Liner appeals.

## ASSIGNMENT OF ERROR
Liner assigns, restated, that the district court erred in denying his motion for postconviction relief without holding an evidentiary hearing.

## STANDARD OF REVIEW
[1] A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Lee*, 282 Neb. 652, 807 N.W.2d 96 (2011).

[2] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *State v. Goynes*, 293 Neb. 288, 876 N.W.2d 912 (2016).

## ANALYSIS
The district court's order addressed the timeliness of the amended motion as raised in the State's motion to dismiss and the merits of the postconviction motion and purported to both (1) grant the motion to dismiss, thereby dismissing the amended motion, and (2) deny the amended postconviction motion on its merits. Despite the irregular procedural posture of the matter, we conclude that the district court did not err in granting the motion to dismiss. We therefore do not address the merits of the amended motion for postconviction relief.

[3] Section 29-3001(4) provides that a 1-year period of limitation shall apply to the filing of a verified motion for postconviction relief. As applicable in this case, the 1-year limitation period shall run from the date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal. See § 29-3001(4)(a).

For purposes of § 29-3001(4)(a), the "conclusion of a direct appeal" occurs when a Nebraska appellate court issues the mandate in the direct appeal. *State v. Huggins*, 291 Neb. 443, 866 N.W.2d 80 (2015).

This court's mandate in Liner's direct appeal was issued on February 18, 2016. Therefore, his original motion for postconviction relief filed on December 1 was filed within the 1-year limitation period, but the amended motion filed April 19, 2017, was untimely unless it related back to the filing of the original motion.

[4] The common-law doctrine of relation back was codified in Neb. Rev. Stat. § 25-201.02 (Reissue 2016). See John P. Lenich, Nebraska Civil Procedure § 15:8 (2018). Section 25-201.02 provides that an amendment of a pleading that does not change the party or the name of the party against whom the claim is asserted relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Our review of Nebraska case law does not reveal an instance where the relation-back doctrine has been applied in a postconviction proceeding. And we recognize that the Nebraska Supreme Court has clarified that postconviction proceedings are not governed by the Nebraska Court Rules of Pleading in Civil Cases. See *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016). Whether the relation-back doctrine, codified in § 25-201.02, constitutes a rule of pleading is an issue we need not decide because we conclude that Liner's amended motion did not relate back to the original motion and was therefore untimely.

[5] A cause of action pleaded by amendment ordinarily relates back to the original pleading, provided that claimant seeks recovery on the same general set of facts. *Forker Solar, Inc. v. Knoblauch*, 224 Neb. 143, 396 N.W.2d 273 (1986). The theory of recovery is not itself a cause of action; therefore, if the general facts upon which the right to recover is based are

the same, the amendment relates back to the original pleading. *Id.*

The federal courts have rejected the broad argument that an amended postconviction claim related back to the original claim if it stemmed from the same trial, conviction, or sentence; rather, the Eighth Circuit relied upon the U.S. Supreme Court's holding in *Mayle v. Felix*, 545 U.S. 644, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005), that in order for claims in an amended motion to relate back, they must be of the same time and type as those in the original motion, such that they arise from the same core set of operative facts. *U.S. v. Hernandez*, 436 F.3d 851 (8th Cir. 2006). See, also, *Dodd v. U.S.*, 614 F.3d 512 (8th Cir. 2010) (facts alleged must be specific enough to put opposing party on notice of factual basis for claim, and thus, it is not enough that both original motion and amended motion allege ineffective assistance of counsel during trial).

Applying the applicable definitions and rejecting a broader interpretation of the relation-back doctrine, the Eighth Circuit in *U.S. v. Hernandez, supra*, determined that the amended ineffective assistance claim did not relate back to the original claim because the original claim referred to the admission of evidence, whereas the amended claim referred to trial testimony and cross-examination of witnesses. Thus, the facts alleged in the original claim were not such that would put the opposition on notice that cross-examination of witnesses was at issue, and the claims were not similar enough to satisfy the "'time and type'" test, nor did they arise out of the same set of operative facts. *Id.* at 858.

Likewise, in the instant case, the ineffective assistance of counsel claim raised in the amended motion is not based on the same set of facts as the claims contained in the original motion. The original claims related to entry of the plea and sentencing matters, whereas the amended claim related to Liner's right to a speedy trial, which occurred prior to the time he entered a plea. We cannot find that these claims are based

on the same general facts such that the amended motion relates back to the filing of the original motion. Accordingly, the amended motion was filed outside the 1-year limitation period set forth in § 29-3001(4)(a). The district court, therefore, did not err in granting the State's motion to dismiss the amended motion as untimely.

## CONCLUSION

We conclude that the district court did not err in granting the State's motion to dismiss. We therefore affirm.

Affirmed.