**Lothar Marshall PRESTON,**
Petitioner—Appellant,

v.

**G.E. HARRIS, Warden, et al.**
Respondents—Appellees.

No. 05–15807.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 17, 2006.

Filed Jan. 5, 2007.

David M. Porter, Esq., FPDCA—Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Tami M. Warwick, Esq., AGCA—Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: KOZINSKI and FISHER, Circuit Judges and BLOCK *, District Judge.

MEMORANDUM **

1.  Preston's ineffective assistance claim is time-barred, having been first raised in an amended petition filed beyond the one-year period established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d). *Mayle v. Felix,* 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005), which was decided after the district court rendered its decision, holds that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order," *id.* at 2574, but that "[a]n amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year

---

\* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 2566. Here, Preston's claim under *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), stems from the trial court's alleged failure to advise him during the plea proceeding that he was waiving his rights to confront witnesses and not to testify against himself. By contrast, his ineffective assistance claim stems from his attorney's allegedly substandard advice, necessarily given before the plea proceeding, to waive the completely separate right to hold the prosecution to its burden of proving the elements of the charged offense. Because the claims involve different errors by different actors at different times, they do not satisfy *Felix's* definition of "relation back" in the *habeas* context. *Accord United States v. Ciampi,* 419 F.3d 20, 24 (1st Cir.2005) (holding that claim alleging ineffective assistance based on counsel's failure to explain consequences of guilty plea did not relate back to claim alleging due process violation based on trial court's failure to advise defendant of same consequences), *cert. denied,* —— U.S. ——, 126 S.Ct. 2906, 165 L.Ed.2d 936 (2006).

2. We construe Preston's raising of two uncertified issues in his opening brief as a motion to expand the certificate of appealability (COA). *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999). We agree with the district court that neither issue satisfies the standard for a COA. *See Hiivala,* 195 F.3d at 1104 ("The required showing for originally obtaining a COA on a claim remains the standard by which this court reviews the broadening of a COA. A habeas petitioner's assertion of a claim must make a 'substantial showing of the denial of a constitutional right.'" (quoting 28 U.S.C. § 2253(c)(2))).

**AFFIRMED; MOTION TO EXPAND CERTIFICATE OF APPEALABILITY DENIED.**