# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3247

_____

United States of America,          *
                                   *
             Appellee,             *
                                   *    Appeal from the United States
      v.                           *    District Court for the
                                   *    District of North Dakota.
Clayton Lee Lockwood,              *
                                   *
             Appellant.            *

_____

Submitted: February 16, 2006
Filed: May 4, 2006

_____

Before WOLLMAN, ARNOLD, and GRUENDER, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Clayton Lee Lockwood pleaded guilty to one count of sexually abusing a minor. After categorizing Lockwood's 1980 California conviction for committing a lewd or lascivious act upon a child as a prior sex offense conviction, the district court sentenced him to a term of 180 months' imprisonment and five years' supervised release. Lockwood challenges his sentence, arguing that the district court erred in classifying his state conviction as a prior sex offense conviction and applying a sentencing enhancement. Because we conclude that the admissible evidence did not show that Lockwood was convicted of a prior sex offense, we vacate his sentence and remand to the district court for resentencing.

**I.**

In 2005, Lockwood pleaded guilty to sexual abuse of a minor in violation of 18 U.S.C. §§ 2243(a), 2247(a), and 1153. The U.S. Probation Office prepared a presentence investigation report (PSR) and recommended that his adjusted offense level be enhanced under U.S. Sentencing Guidelines (U.S.S.G.) § 4B1.5.

As part of its presentence investigation, the probation office obtained court documents related to Lockwood's 1980 California conviction for committing a lewd or lascivious act upon a child under the age of fourteen. These documents included the charging document and two probation officers reports (state probation reports), but did not include the plea agreement or a transcript of the change of plea hearing.

The state probation reports described the factual events underlying Lockwood's 1980 conviction. That information was gleaned "from information in the district attorney's file, preliminary transcript and discussion with the defendant." Supplement to Designated R. at 87. The state probation reports were prepared after Lockwood's guilty plea conviction. Lockwood himself never confirmed the factual allegations contained therein, stating instead that because of his intoxicated state he had no memory of the incident.

Over Lockwood's objections, the district court determined that the state probation reports were sufficiently reliable and that the details contained therein warranted a sentencing enhancement under U.S.S.G. § 4B1.5. The district court found that Lockwood's total offense level was thirty-one, his criminal history category was V, and his sentencing range thus between 168 and 210 months.

**II.**

The only issue on appeal is whether the district court erred in finding that Lockwood's California conviction was a prior sex offense conviction under Chapter 109A of Title 18. We review *de novo* the district court's use of prior convictions for

sentencing enhancement purposes. United States v. Smith, 422 F.3d 715, 722 (8th Cir. 2005); United States v. Mincks, 409 F.3d 898, 900 (8th Cir. 2005).

A defendant charged with a violation of 18 U.S.C. § 2243(a) who has at least one prior sex offense conviction faces an increased maximum period of imprisonment under 18 U.S.C. § 2247(a) and an increased guidelines sentencing range under U.S.S.G. § 4B1.5. The term "prior sex offense conviction" includes a state conviction that would have been an offense under Chapter 109A if it had occurred within the special maritime and territorial jurisdiction of the United States. 18 U.S.C. §§ 2247(b), 2426(b)(1)(B). When perpetrated against a minor, prior sex offense conviction includes both "sexual acts" and "sexual contact" as defined in 18 U.S.C. § 2246. See 18 U.S.C. §§ 2243, 2244. Essentially, these terms include oral and anal sex, digital penetration, and the intentional touching of genitalia, anus, groin, breast, inner thigh, or buttocks. 18 U.S.C. § 2246.

To determine whether Lockwood's state conviction constituted a prior sex offense conviction, we turn first to the California statute defining lewd or lascivious acts. See United States v. Webster, 442 F.3d 1065, 1068 (8th Cir. 2006). If the statute criminalizes conduct other than sexual acts and sexual contact as defined in 18 U.S.C. § 2246, we determine whether the sentencing court applied the modified categorical approach mandated by Taylor v. United States, 495 U.S. 575 (1990), and Shepard v. United States, 125 S.Ct. 1254 (2005), to sentence the defendant. See United States v. McCall, 439 F.3d 967, 973-74 (8th Cir. 2006)(en banc). Using this approach, a sentencing court may look beyond the statutory definition of the offense and the fact of conviction to such sources as "the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard, 125 S.Ct. 1254, 1263. If we cannot determine whether the defendant's conduct constitutes a prior sex offense conviction because the

judicial record on appeal lacks the evidence that <u>Taylor</u> and <u>Shepard</u> permit, we must vacate his sentence and remand for resentencing.  <u>See</u> <u>McCall</u>, 439 F.3d at 974.

The California statute defining lewd or lascivious acts criminalizes conduct other than sexual acts or sexual contact as defined in the federal statute.  At the time Lockwood committed the California crime, California Penal Code § 288(a) stated:

> Any person who shall willfully and lewdly commit any lewd or lascivious act including any of the acts constituting other crimes provided for in Part 1 of this code upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child shall be guilty of a felony . . . .

Further, the California Supreme Court has recognized that a lewd or lascivious act "can involve any part of the victim's body" and that "*any* touching of an underage child is lewd or lascivious within the meaning of section 288 where it is committed for the purpose of sexual arousal."  <u>People v. Martinez</u>, 903 P.2d 1037, 1042 (Cal. 1995)(internal quotations omitted).  Sexual acts and sexual contact within the meaning of the federal statute, however, involve the touching of certain body parts.  18 U.S.C. § 2246.  Because the California statute is facially overinclusive, we turn to the judicial records.

Of the admissible documents listed in <u>Shepard</u>, the record contains only the 1980 charging documents as evidence of Lockwood's guilty plea conviction.  The language of the charging document is virtually identical to the California statute, and the conduct described in the charging document includes conduct other than sexual acts or sexual contact.  Because the district court could not rely solely on this document to enhance Lockwood's sentence, the court admitted the state probation reports as evidence of the conduct underlying Lockwood's state conviction and concluded that the underlying facts recited in the reports established that Lockwood's state conviction constituted a prior sex offense conviction.  As recounted above, the

facts were attributed to information in the district attorney's file, a preliminary transcript, and a discussion with the defendant.

We conclude that the factual recitals in the state probation reports did not constitute an adequate basis for enhancing Lockwood's sentence. Lockwood objected to the U.S.S.G. § 4B1.5 sentencing enhancement, the recitation of facts in the PSR, and both the PSR's and the district court's reliance on the state probation reports. Accordingly, the government had an obligation to present admissible documentary evidence to establish that Lockwood's state conviction constituted a prior sex offense conviction. The government argues that the state probation reports are comparable judicial records that satisfy the modified categorical approach mandated by Taylor and Shepard. We disagree. The facts in the state probation reports were attributed to inadmissible sources and were not admitted to by Lockwood, who denied having any memory of the incident. It was the government's burden to present competent evidence to establish that Lockwood had earlier been convicted of a sex offense within the meaning of 18 U.S.C. § 2426. Because the record lacks such evidence, we have no choice but to vacate the sentence.

The sentence is vacated, and the case is remanded to the district court for resentencing in accordance with this opinion.

———————————————