# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3003

_____

United States of America,       *
                             *

         Appellee,       *

                             *    Appeal from the United States

      v.                      *    District Court for the

                             *    District of South Dakota.

Brian Jeffries,               *

                             *

         Appellant.      *

_____

Submitted: March 10, 2009
Filed: June 25, 2009

_____

Before WOLLMAN, BRIGHT, and COLLOTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Brian Jeffries pleaded guilty to one count of abusive sexual contact of a child in violation of 18 U.S.C. §§ 2244(a)(5), 2246(3), and 1153. The district court sentenced Jeffries to 400 months' imprisonment. Jeffries appeals, arguing that the government breached the plea agreement by failing to recommend an acceptance of responsibility reduction and that his sentence was inappropriately enhanced based on an unspecified prior conviction. Because we conclude that the evidence was insufficient to show that Jeffries was previously convicted of a qualifying sex offense under United States Sentencing Guidelines (U.S.S.G.) section 4B1.5(a), we reverse and remand for resentencing.

Jeffries was indicted on two counts of aggravated sexual abuse upon two individuals between the ages of twelve and sixteen. Pursuant to the plea agreement, Jeffries pleaded guilty to one count of abusive sexual contact of a child and the government agreed to recommend that the court grant an adjustment for acceptance of responsibility for the crime, barring "significant evidence disclosed in the presentence investigation to the contrary." Such a recommendation would reduce Jeffries' guidelines offense level by two levels. U.S.S.G. § 3E1.1(a). Further, both parties agreed that they would not seek a variance or an upward or downward departure from the court-determined guidelines. The agreement also informed Jeffries that the government's recommendations and the parties' stipulations were not binding on the district court. If accepted, the recommendations and stipulations outlined in the plea agreement would have resulted in a guidelines range of 210 to 262 months.

The agreed-upon factual basis set forth in the plea agreement states that Jeffries "engaged in sexual contact by force" with the underage victim. After the plea agreement was reached, but before the plea hearing, Jeffries sent a letter to the district court to inform the judge of "the actual facts in [his] case." Although Jeffries acknowledged in the letter that his actions were wrong because of the age difference, he denied that force was used and insisted that the relationship was consensual. When questioned about the letter during his plea hearing, however, Jeffries agreed with the facts as stated in the plea agreement. Prior to his sentencing, Jeffries sent a similar letter to the probation office.

Based on these letters and a probation officer's interview with Jeffries, Jeffries' presentence report (PSR) recommended against an acceptance of responsibility reduction. Jeffries objected to this recommendation. The government did not. At sentencing, the district court asked the parties for their positions on the matter. The Assistant United States Attorney (AUSA) stated that "my hands are somewhat tied,

given the plea agreement," and that "[t]he plea agreement states very clearly that the United States agrees to give acceptance of responsibility." Transcript of Sentencing at 6. She further expressed her belief "that the court is on firm ground in not giving acceptance," but indicated that the government could not support such a decision without evidence of greater significance than the two letters written by Jeffries. At no point did the AUSA affirmatively recommend a reduction based on acceptance of responsibility, concluding her response by saying, "so we leave it to the Court's good judgment." Transcript of Sentencing at 7. Jeffries raised no objection at the time that the AUSA's statements constituted a breach of the plea agreement.

The PSR also increased Jeffries' criminal history category from III to V pursuant to U.S.S.G. section 4B1.5(a)(2) based upon a prior conviction that the PSR alleged qualified Jeffries as a repeat and dangerous sex offender against minors. The PSR did not set forth the statute that served as the basis for this conviction, nor did it allege that the victim involved therein was a minor. Although Jeffries objected to the underlying facts of this conviction as outlined in the PSR, he did not object to the application of section 4B1.5(a)(2).

The district court overruled Jeffries' objection to the denial of an acceptance of responsibility reduction and left intact the PSR's guideline computation based on the application of section 4B1.5(a)(2).

II.

Because Jeffries did not object to the government's statements regarding the acceptance of responsibility reduction or to the PSR's reliance on an unspecified prior conviction, we review his claims for plain error. Puckett v. United States, 129 S. Ct. 1423 (2009); see also Fed. R. Civ. P. 52(b). Under plain error review, we must determine whether there was (1) an error, (2) that is clear or obvious, and (3) that "affected the appellant's substantial rights, which in the ordinary case means he must

demonstrate that it affected the outcome of the district court proceedings." Puckett, 129 S. Ct. at 1429 (quoting United States v. Olano, 507 U.S. 725, 734 (1993)) (internal quotations omitted). If these three requirements are satisfied, we may correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (quoting Olano, 507 U.S. at 736).

A.

Jeffries argues that the government breached the plea agreement by failing to affirmatively recommend a reduction based on acceptance of responsibility. The facts before us present a close question on whether there was an error and, if so, whether that error was clear or obvious. See Puckett, 129 S. Ct. at 1433 (noting that the second prong "will often have some 'bite' . . . [as n]ot all breaches will be clear or obvious"). It is undisputed that the government promised that it "will recommend that the Court find that the defendant clearly demonstrated a recognition and affirmative acceptance of responsibility for his criminal conduct." No such recommendation was made, and the government's arguments against the reduction could be considered as stronger than its argument for the reduction, which amounted to a simple acknowledgment of its previous commitment and a refusal to expressly support the denial. Although a less than enthusiastic recommendation will not ordinarily constitute a breach, the government is obligated to make the recommendation to the court. See United States v. Has No Horses, 261 F.3d 744, 750 (8th Cir. 2001).

Jeffries, however, is not without blame in the matter. The agreement was contingent upon a lack of significant evidence indicating that Jeffries had not accepted responsibility for his conduct. "It is true enough that when the Government reneges on a plea deal, the integrity of the system may be called into question, but there may well be countervailing factors in particular cases." Puckett, 129 S. Ct. at 1433. The countervailing factors here are the two letters written by Jeffries in which he set forth his view that the relationship was consensual, that no force was used, and that no rape

-4-

occurred as described by the victim. This was in direct conflict with the facts agreed to in the plea agreement and demonstrated Jeffries' failure to accept responsibility for the actions to which he pled guilty.

The circumstances before the district court were complicated by the government's equivocal statement that Jeffries' letters did not constitute the significant evidence required for a repudiation of its duty to recommend acceptance and by Jeffries' in-court statements reaffirming the facts detailed in the plea agreement. As the district court noted, Jeffries' "two positions are miles apart." In light of these circumstances, we conclude that any error here is neither clear nor obvious, and thus we reject Jeffries' belated challenge to the government's performance under the plea agreement.[1]

## B.

Jeffries contends that the district court improperly relied on an unspecified prior conviction to increase his guideline range. The PSR recommended the application of U.S.S.G. section 4B1.5(a), Repeat and Dangerous Sex Offender Against Minors, to increase Jeffries' criminal history category from III to V. Section 4B1.5(a) applies "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime, §4B1.1 (Career Offender) does not apply, and the defendant committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction." The application notes define "sex offense conviction" as an offense described in 18 U.S.C. § 2426(b)(1)(A) or (B), which is not applicable here, or an

---

[1]It is also unlikely that any error affected the district court's decision to deny a reduction based on an acceptance of responsibility. The district court concluded that Jeffries' objection to the PSR's failure to credit him with acceptance of responsibility was not well supported and noted that "[s]ince his guilty plea, the defendant has denied his culpability for the crime to which he pled guilty and has tried to present a picture to this Court of a consensual sexual encounter."

offense perpetrated against a minor. U.S.S.G. Manual § 4B1.5(a) cmt. n.3(A)(ii) (2008).

The first step in assessing whether it was error to apply section 4B1.5(a) is to look to the statute under which Jeffries was convicted to determine if the offense qualifies as a sex offense conviction. United States v. Lockwood, 446 F.3d 825, 827 (8th Cir. 2006). The record before the district court, however, did not identify the statute. "As the elements of the offense[] are unknown, the district court erred in concluding" that the crime was a sex offense conviction. United States v. Reyes-Solano, 543 F.3d 474, 477 (8th Cir. 2008). We look beyond the statute to the judicial record only when "the statute criminalizes conduct other than sexual acts and sexual contact as defined in 18 U.S.C. § 2246." Lockwood, 446 F.3d at 827. Although the PSR provided a factual basis for the prior conviction, it did not indicate that the victim was a minor as required by section 4B1.5(a). Absent any record evidence indicating that the victim was a minor, the error is clear and obvious. The enhancement resulted in a significant increase in Jeffries' criminal history category, without which Jeffries' sentencing range would have been 292 months to 365 months, instead of the 360 months to life range under which he was sentenced. This increase in Jeffries' guideline range affected his substantial rights, and we therefore exercise our discretion to correct the error.

The judgment is vacated and the case is remanded for resentencing, at which time the government will be free to introduce whatever admissible evidence it may have regarding the section 4B1.5(a) issue.

BRIGHT, Circuit Judge, concurring.

I concur in the result, but add a comment. I would not have reached the issue of the government's breach of the plea agreement. I would instead limit the analysis to whether the district court erred in applying section 4B1.5(a). I make this statement in light of the remand for resentencing. At that time, the parties and district court may address the issue of whether the government breached its plea agreement with defendant.

_____