# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2141

_____

United States of America,

        Appellee,

v.

Claudio Arias-Alvarez,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: June 4, 2010
Filed: June 21, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Claudio Arias-Alvarez pleaded guilty to being an alien who illegally re-entered the United States after having been removed in 2002 subsequent to an aggravated felony conviction for first-degree statutory rape, all in violation of 8 U.S.C. § 1326(a), (b)(2). The district court[1] sentenced him within the applicable advisory Guidelines range to 37 months in prison and 2 years of supervised release. On appeal, his counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

(1967), questioning whether Arias-Alvarez's prior statutory rape conviction constituted a crime of violence under the Guidelines.

In reviewing the imposition of a sentence, we first ensure that the district court committed no significant procedural error, which includes improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) sentencing factors, or failing to adequately explain the chosen sentence; we then consider the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard, taking into account the totality of the circumstances. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

As to the argument raised by counsel in the Anders brief, we conclude that the district court did not err in classifying Arias-Alvarez's prior statutory rape conviction as a crime of violence. See U.S.S.G. § 2L1.2(b)(1)(A)(ii) (increase base offense level by 16 if defendant previously was deported after conviction for felony that is crime of violence), § 2L1.2, comment. (n.1(B)(iii)) (listing "statutory rape" as crime of violence under § 2L1.2(b)(1)(A)); United States v. Garcia-Juarez, 421 F.3d 655, 658 n.1 (8th Cir. 2005) (noting that as to § 2L1.2, enumerated offenses are always classified as crimes of violence); see also Mo. Rev. Stat. § 566.032 (defining offense of first-degree statutory rape, which is felony for which authorized term of imprisonment is life, or term of years not less than 5 years); United States v. Viezcas-Soto, 562 F.3d 903, 906 (8th Cir. 2009) (this court reviews de novo district court's application of Guidelines). Further, upon careful review, we conclude that the district court did not commit any procedural sentencing error warranting relief. See United States v. Phelps, 536 F.3d 862, 865 (8th Cir. 2008) (if defendant does not timely object to procedural sentencing error, error is forfeited and may only be reviewed for plain error), cert. denied, 129 S. Ct. 1390 (2009); see also United States v. Jeffries, 569 F.3d 873, 875-76 (8th Cir. 2009) (describing plain-error review standard).

We also conclude that Arias-Alvarez's sentence is not substantively unreasonable. See United States v. Saddler, 538 F.3d 879, 890 (8th Cir.) (describing circumstances where district court abuses its discretion and imposes unreasonable sentence; within-Guidelines-range sentences are presumed reasonable on appeal), cert. denied, 129 S. Ct. 770 (2008).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issue for appeal. Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw.

_____