ARNOLD, Circuit Judge.
Carious Daily appeals from the sentence that the district court[1] imposed after granting him relief from his previous sentence under 28 U.S.C. § 2255. The government cross-appeals, asserting that relief was time-barred and that the district court had no statutory power to resentence Mr. Daily. We affirm.
I.
A jury convicted Mr. Daily of conspiring to commit bank robbery, see 18 U.S.C. §§ 371, committing armed bank robbery, see 18 U.S.C. § 2113(a), (d), and using a firearm during a crime of violence, see 18 U.S.C. §§ 924(c)(1). The court then determined that Mr. Daily’s Sentencing Guidelines range was 444 months to life and sentenced him to 444 months’ imprisonment. After we affirmed the conviction on *453 direct appeal, see United States v. Daily, 488 F.3d 796 (8th Cir.2007), Mr. Daily filed a timely § 2255 motion, raising a number of claims. Although the district court rejected the claims that Mr. Daily made and denied his request to supplement the pleadings by adding an argument related to his sentencing range, the court sua sponte noticed a separate error in the Sentencing Guidelines calculations and directed the parties to show cause why Mr. Daily should not get relief for his counsel’s ineffective assistance in not discovering that error. After reviewing the parties’ responses, the district court decided that the original sentence had indeed been based on an erroneously calculated range that his counsel should have noticed and objected to, and it resentenced Mr. Daily to 420 months in prison.
II.
Mr. Daily maintains that his new sentence is unreasonable because in fixing it the district court gave too much weight to acquitted conduct, did not adequately consider mitigating factors, and imposed a punishment that was “greater than necessary” to accomplish the sentencing goals set out in 18 U.S.C. § 3553(a).[2] But our examination of the record reveals that the district court did not in fact consider acquitted conduct, and, in any case, a court is not prohibited from doing so in determining a sentence, see United States v. Whiting, 522 F.3d 845, 850 (8th Cir.2008). Mr. Daily, moreover, does not point to any specific mitigating factors relevant to sentencing that the court ignored. Finally, Mr. Daily has given us no reason to believe that his sentence was “greater than necessary” to fulfill the goals outlined in § 3553(a), which the district court specifically adverted to in imposing the sentence. See, e.g., United States v. Wohlman, 651 F.3d 878, 887 (8th Cir.2011).
III.
The government, in its cross-appeal, raises no objection to the sentence that the district court imposed. It maintains instead that any relief Mr. Daily would have otherwise been entitled to was time-barred and that the district court had no authority to revise Mr. Daily’s sentence.
First of all, the government characterizes the district court’s order to show cause as a § 2255 motion, and it maintains that the motion is untimely under § 2255(f). The infirmity in this argument is that the order was not a motion: It was a means of alerting the parties that the court was sua sponte considering revising Mr. Daily’s sentence on a ground that he did not raise. This contention is therefore without merit.
The dissent suggests that we should impose a time limit on when a district court may notice a plain error in a habeas proceeding that is timely filed, but we see no warrant in the applicable rules or statutes for doing so. There is, moreover, a practical difficulty with doing so, because in many cases (including this one) there would be no reliable way to determine when the court first “noticed” the error or made its “motion,” which presumably would be when it decided to consider a claim sua sponte and not when it told the parties, if it ever did, that it was going to do so. Perhaps devising a time limit on when a district court can notice an error in a habeas proceeding is desirable, but that is a matter for an appropriate rule-making authority, not this court.
*454 The government also contends that the district court had no power to notice a matter sua sponte that Mr. Daily did not himself raise in his motion. But we have held that Fed.R.Crim.P. 52, which allows a court to consider “plain error that affects substantial rights ... even though it was not brought to the court’s attention,” provides us with a basis for granting § 2255 relief on appeal on grounds that the petitioner did not raise. See King v. United States, 595 F.3d 844, 854 (8th Cir.2010); United States v. Granados, 168 F.3d 343, 346 (8th Cir.1999) (per curiam). Though the government urges us to hold otherwise, we see no reason to doubt that Rule 52 gives a district court the same power. In fact, Rule 12 of the Rules Governing § 2255 Proceedings specifically provides that “the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.” Since we see no inconsistency between the § 2255 rules (or any statute) and Fed.R.Crim.P. 52, the district court had the power to notice plain error sua sponte in the current proceeding and give relief on it.
The government also directs our attention to 18 U.S.C. § 3582, which provides that courts may not revise sentences unless, as relevant here, they are “expressly permitted by statute” to do so. 18 U.S.C. § 3582(c)(1)(B). But here, the court had statutory authority to modify a sentence that “was imposed in violation of the Constitution ... of the United States,” 28 U.S.C. § 2255, and it exercised that authority to modify Mr. Daily’s sentence when it concluded that it violated his Sixth Amendment right to adequate representation.
IV.
Because the district court did not err in noticing the error in the original calculation of Mr. Daily’s sentence, and the government does not dispute that Mr. Daily’s counsel was ineffective in not calling the court’s attention to the error or that the error merited plain error relief, we affirm the judgment of the district court.

. The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

. In a pro se brief, Mr. Daily raises some further objections to his sentence, which we reject as meritless.