# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1971

_____

Brian Jeffries,

*Petitioner - Appellant,*

v.

United States of America,

*Respondent - Appellee.*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: March 13, 2013
Filed: August 6, 2013

_____

Before WOLLMAN, BYE, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Brian Jeffries pleaded guilty to one count of abusive sexual contact with a child, in violation of 18 U.S.C. §§ 2244(a)(5), 2246(3), and 1153. The district court[1] sentenced Jeffries to 400 months' imprisonment. On appeal, this court rejected

---

[1]The Honorable Andrew W. Bogue, late a United States District Judge for the District of South Dakota.

Jeffries's challenge to the conviction based on an alleged breach of the plea agreement by the government, but remanded for resentencing on a different issue. *United States v. Jeffries* (*Jeffries I*), 569 F.3d 873, 876-77 (8th Cir. 2009). The district court sentenced Jeffries to 360 months' imprisonment on remand. Jeffries again appealed, challenging the reasonableness of his sentence, and this court affirmed. *United States v. Jeffries* (*Jeffries II*), 615 F.3d 909, 912 (8th Cir. 2010).

Jeffries then moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that he was denied his Sixth Amendment right to effective assistance of counsel during his initial sentencing. The district court[2] denied relief without a hearing, and granted a certificate of appealability on the question whether Jeffries received ineffective assistance of counsel when his attorney failed to object to the government's alleged breach of the plea agreement. For the reasons that follow, we affirm the district court's denial of Jeffries's § 2255 motion.

I.

A grand jury charged Jeffries with two counts of aggravated sexual abuse of individuals between the ages of twelve and sixteen. Pursuant to a written plea agreement, Jeffries pleaded guilty to one count of abusive sexual contact with a child. The government agreed to recommend that the court grant an adjustment for acceptance of responsibility for the crime, "unless there [was] significant evidence disclosed in the presentence investigation to the contrary." The agreement also provided that the recommendations were "conditioned upon the defendant's full, complete, and truthful disclosure to the United States Probation Office." The government's recommendations and the parties' stipulations were not binding on the district court. Fed. R. Crim. P. 11(c)(1)(B). If accepted, however, the

---

[2]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

recommendations and stipulations outlined in the plea agreement would have resulted in an advisory guideline range of 210 to 262 months' imprisonment.

The agreed-upon factual basis set forth in the plea agreement stated that Jeffries "did knowingly and intentionally engage in sexual contact by force" with the underage victim. Before his plea hearing, however, Jeffries sent a letter to the district court to inform the judge of "the actual facts" in his case. In the letter, Jeffries denied using force and insisted that his relationship with the victim was consensual. He claimed that he "was scared into this plea agreement" and said he had lied at first. When the court questioned Jeffries about the letter during his plea hearing, Jeffries agreed with the factual basis in the plea agreement and asked the court to disregard his letter. The district court accepted Jeffries's plea and scheduled his sentencing hearing. After the plea hearing but prior to sentencing, Jeffries sent a similar letter to the probation office. In that letter and in an interview with a probation officer, Jeffries again asserted that his relationship with the victim was consensual.

Based on the letters and the interview, the probation office recommended against a reduction for acceptance of responsibility in the presentence report furnished to the court. Jeffries objected to the recommendation. At sentencing, the court asked the parties for their positions on the issue. Jeffries's counsel explained that Jeffries did not intend by his letters "in any way [to] step back from the plea that he's made." The government stated its "hands are somewhat tied, given the plea agreement," because "[t]he plea agreement states very clearly that the United States agrees to give acceptance of responsibility." The government expressed its belief, however, "that the Court is on firm ground in not giving acceptance," based on Jeffries's claims in his letters and interview that the sex was consensual. But citing the plea agreement, the government suggested that it could not argue against the acceptance-of-responsibility reduction "without some more significant evidence."

The district court concluded that since his guilty plea, Jeffries had "denied his culpability for the crime to which he pled guilty," and had "failed to demonstrate . . . his intent for acceptance of responsibility." The court pointed to the inconsistencies between the factual basis set forth in Jeffries's plea agreement and his letters to the court and to the probation office. The court described Jeffries's positions regarding his culpability for forcible sexual contact as "miles apart," and said "the record doesn't support the defendant's objection all that well." The court then overruled Jeffries's objection and declined to award a reduction for acceptance of responsibility under USSG § 3E1.1. The court thus adopted the presentence report's recommended guideline range of 360 months' to life imprisonment, and sentenced Jeffries to 400 months' imprisonment.

On direct appeal, Jeffries argued that the government breached the plea agreement by failing to recommend an acceptance-of-responsibility reduction. *Jeffries I*, 569 F.3d at 874. Because Jeffries did not object to the government's statements during sentencing, this court reviewed his claim for plain error. *Id.* at 875; *see* Fed. R. Crim. P. 52(b). This court concluded that any breach of the plea agreement was neither clear nor obvious, and rejected Jeffries's claim. *Jeffries I*, 569 F.3d at 876. We also noted that it was unlikely that any error affected the district court's decision to deny a reduction for acceptance of responsibility. *Id.* at 876 n.1. On remand for resentencing on a different issue, the district court sentenced Jeffries to a term of 360 months' imprisonment, which this court later affirmed as reasonable. *Jeffries II*, 615 F.3d at 912.

Jeffries filed his *pro se* § 2255 motion on April 7, 2011. The case was referred to a magistrate judge, who recommended that the district court hold an evidentiary hearing on Jeffries's ineffective assistance claim. In an "Order Adopting in Part and Rejecting in Part Report and Recommendation and Denying Motion," dated December 27, 2011, the district court denied relief without an evidentiary hearing. The court concluded that even if the government did breach the plea agreement, Jeffries did not

show that he was prejudiced by counsel's failure to object to the alleged breach. Because Jeffries repeatedly denied responsibility for his crime, the court reasoned, there was no reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In the same order, the district court granted a certificate of appealability on the ineffective assistance claim. Jeffries filed a notice of appeal, which was docketed on April 13, 2012.

## II.

Before addressing the merits of Jeffries's claim, we must consider whether the appeal is timely such that we have jurisdiction. Determining the timeliness of the appeal requires analysis of the separate document requirement of Federal Rule of Civil Procedure 58(a), as applied to the circumstances of this case.

Rule 58(a) requires that "[e]very judgment . . . be set out in a separate document." The entry of a judgment triggers the running of the time for appeal. Fed. R. App. P. 4(a). In cases where the United States is a party, the notice of appeal must be filed within sixty days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(B). If the separate document requirement applies but is not satisfied, then the order is deemed "entered" 150 days after the dispositive order was entered on the civil docket. Fed. R. App. P. 4(a)(7)(A)(ii); Fed. R. Civ. P. 58(c)(2); *see Outlaw v. Airtech Air Conditioning & Heating, Inc.*, 412 F.3d 156, 163 (D.C. Cir. 2005).

Assuming that Rule 58 applies in § 2255 proceedings, the timeliness of Jeffries's notice of appeal turns on whether the district court's order satisfied the separate document requirement. If the order filed December 27, 2011, was a separate document under Rule 58(a), then the notice filed April 13, 2012, was untimely. But

if the district court never set out the order in a separate document, then the order was deemed entered on May 25, 2012, and the appeal is timely.

We conclude that Rule 58(a) applies in appeals from § 2255 proceedings. This court has said, as a general matter, that the Federal Rules of Civil Procedure apply in § 2255 proceedings. *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006); *United States v. Hernandez*, 436 F.3d 851, 856-57 (8th Cir. 2006). That statement is subject to an exception where a civil rule is inconsistent with the statute, *see* Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts, but we see nothing in § 2255 that would make Rule 58 inapplicable, and the relevant rules tell the courts to apply the separate document requirement. Rule 11 of the Section 2255 Rules directs that the time for appeal from an order entered on a § 2255 motion is provided in Federal Rule of Appellate Procedure 4(a). Rule 4(a) requires that when the United States is a party, a notice of appeal be filed within sixty days after "entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(B). And a judgment or order is entered for purposes of Rule 4(a) when it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure. Fed. R. App. P. 4(a)(7). So Rule 58 governs when an order is entered—and hence when the time for noticing an appeal begins—in a § 2255 proceeding. *Accord United States v. Fiorelli*, 337 F.3d 282, 285-87 (3d Cir. 2003); *United States v. Johnson*, 254 F.3d 279, 283-84 (D.C. Cir. 2001); *Sassoon v. United States*, 549 F.2d 983, 984-85 (5th Cir. 1977); *see also United States v. Batton*, No. 13-8017, 2013 WL 2435357, at *1 (10th Cir. June 5, 2013); *United States v. Smith*, No. 00-6126, 2000 WL 935425, at *1 n.* (4th Cir. July 10, 2000); *Sims v. United States*, No. 98-1228, 1999 WL 1000855, at *3 (6th Cir. Oct. 29, 1999); *United States v. Hogle*, No. 96-17336, 1997 WL 599401, at *1 (9th Cir. Sept. 22, 1997).

Of the courts of appeals to consider this question, only the Second Circuit has reached a contrary conclusion. In *Williams v. United States*, 984 F.2d 28, 29-31 (2d Cir. 1993), the court determined that a motion under § 2255 is not subject to Rule 58,

because it "'is a further step in the movant's criminal case and not a separate civil action.'" *Id.* at 30 (quoting Section 2255 advisory committee notes to Rule 1). The court reasoned that Congress did not contemplate the entry of judgment upon the disposition of a § 2255 motion, relying on then-paragraph six of § 2255, which states that "[a]n appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus." *Id.* (citing 28 U.S.C. § 2255, para. 6, now codified at 28 U.S.C. § 2255(d)). This paragraph, however, merely equates an order with a final judgment; it does not speak to whether the order or judgment must be entered in a separate document. For the reasons discussed, we conclude that an order denying a § 2255 motion is not entered until it is set out in a separate document, or deemed entered for lack of a separate document.

So when was the district court's order denying the § 2255 motion entered? We have treated an order adopting a report and recommendation, without more, as a "judgment" for the purposes of Rule 58. *Mason v. Groose*, 942 F.2d 515, 516 (8th Cir. 1991). But "at some point, the inclusion of legal reasoning and authority makes an order into a combined decision and order" that is insufficient to constitute a separate document under Rule 58(a). *Kidd v. Dist. of Columbia*, 206 F.3d 35, 39 (D.C. Cir. 2000) (internal quotation omitted). While a document titled "order" rather than "judgment" can still satisfy the separate document requirement, *Mason*, 942 F.2d at 516, an opinion that contains a substantial discussion of the law and the facts does not. *See Mitchell v. State of Idaho*, 814 F.2d 1404, 1405 (9th Cir. 1987) (per curiam); *United States v. Deltoro-Aguilera*, 252 F.R.D. 545, 546 (D. Neb. 2008).

The district court's order of December 27, 2011, was replete with legal analysis. The order discussed the facts and detailed the reasons for the court's decision. The language dismissing Jeffries's § 2255 motion was included within the order. It was therefore not a "separate document" under Rule 58. *See Sanders v. Clemco Indus.*, 862 F.2d 161, 166 (8th Cir. 1988).

Because no separate document was filed in this case, judgment is considered entered on May 25, 2012—150 days after the filing of the order on December 27, 2011. Fed. R. App. P. 4(a)(7)(a)(ii). Jeffries had sixty days from May 25 to file his notice of appeal. 28 U.S.C. § 2107(b). Jeffries's notice of appeal, docketed on April 13, was actually premature. But the failure of the district court to set forth an order on a separate document "does not affect the validity of an appeal from that judgment or order," Fed. R. App. P. 4(a)(7)(B), so the premature notice of appeal is effective in relation to the district court's order of December 27, 2011. *Chambers v. City of Fordyce*, 508 F.3d 878, 881 (8th Cir. 2007) (per curiam). Accordingly, we have jurisdiction to consider this appeal.

## III.

On the merits, Jeffries argues that the district court erred in denying him an evidentiary hearing on his ineffective assistance claim. A petitioner is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b). We review the district court's decision to resolve a § 2255 motion without a hearing for abuse of discretion, although "review of the determination that no hearing was required obligates us to look behind that discretionary decision to the court's rejection of the claim on its merits, which is a legal conclusion that we review *de novo*." *New v. United States*, 652 F.3d 949, 954 (8th Cir. 2011) (internal quotation omitted). To determine whether a hearing is required, we must review the merits of Jeffries's ineffective assistance of counsel claim. *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

A defendant alleging a violation of the Sixth Amendment right to counsel must show both that counsel's performance was deficient and that the deficiency prejudiced the defendant. *Strickland*, 466 U.S. at 687. To show prejudice, Jeffries must demonstrate a reasonable probability that his sentence would have been different but

for the deficient performance. *Puckett v. United States*, 556 U.S. 129, 142 n.4 (2009). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Because both prongs of *Strickland* must be satisfied for a defendant to succeed on an ineffective assistance claim, we need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

Jeffries argues that counsel failed to object to the government's breach of the plea agreement during his sentencing hearing. Jeffries first contends that if counsel had objected at sentencing, then the government would have recommended that the court grant the reduction. He claims there is a reasonable probability that the district court would have granted the reduction if the government had so recommended, and that the reduction would have resulted in a shorter term of imprisonment. Jeffries argues in the alternative that if counsel had objected and preserved the issue for appeal, then there is a reasonable probability that this court would have vacated and remanded for resentencing before a different judge. And he claims it is reasonably likely that the government would have recommended a reduction before that new judge, and the new judge would have sentenced him within a lower advisory guideline range.

The government defends the professional competence of Jeffries's counsel, emphasizing that counsel reasonably could have concluded that the government had not breached the plea agreement in light of Jeffries's untruthful statements to the probation office. The government also contends that Jeffries cannot establish prejudice because his own conduct—not counsel's failure to object—led the district court to deny the acceptance-of-responsibility reduction.

The district court rejected Jeffries's claim of ineffective assistance of counsel without a hearing, and the record is not developed concerning counsel's contemporaneous rationale for the conduct Jeffries now challenges. While we might

be able to assess the reasonableness of counsel's performance without inquiry into his thought processes, *see Paul*, 534 F.3d at 837-38, it is unnecessary to do so, because the record shows conclusively that Jeffries did not suffer prejudice.

Jeffries argued on direct appeal that the government breached the plea agreement by failing to recommend an acceptance-of-responsibility reduction. *Jeffries I*, 569 F.3d at 874. A panel of this court concluded that there was no obvious breach, and then added:

> It is also unlikely that any error affected the district court's decision to deny a reduction based on an acceptance of responsibility. The district court concluded that Jeffries' objection to the PSR's failure to credit him with acceptance of responsibility was not well supported and noted that "[s]ince his guilty plea, the defendant has denied his culpability for the crime to which he pled guilty and has tried to present a picture to this Court of a consensual sexual encounter."

*Id.* at 876 n.1.

For similar reasons, we conclude that Jeffries suffered no prejudice from his counsel's failure to object to the government's comments at sentencing. Even giving Jeffries the full benefit of the stipulation, the prosecution was not required to object to the probation office's recommendation or to give an enthusiastic endorsement of a downward adjustment. *United States v. Has No Horses*, 261 F.3d 744, 750 (8th Cir. 2001). In view of the judge's comments at sentencing, it is unlikely that he would have been moved by a tepid statement by the prosecutor conforming strictly to the stipulation. If the case had been reassigned to another judge for resentencing after a successful appeal, *see Santobello v. New York*, 404 U.S. 257, 263 (1971), there is likewise no reasonable probability that a new judge would have assessed the matter differently. Jeffries's attempts to deny responsibility—both before and after entering a plea, in correspondence and in a personal interview—were plain to see. Indeed, the

-10-

most noteworthy aspect of the government's conduct at sentencing may not be the alleged breach, but the puzzling insistence of the prosecutor (perhaps acting in an abundance of caution) that more significant evidence was required to justify abandoning the stipulation. If the hypothetical new sentencing court were to be influenced by advice, then the evaluation of the neutral probation office was more likely to hold sway than an unenthusiastic recommendation of a prosecutor who was bound by an agreement reached before Jeffries engaged in the offending conduct.

For these reasons, even assuming that Jeffries could show that his counsel's performance at sentencing was deficient, he has not adequately alleged that he was prejudiced. The district court thus did not err in declining to hold an evidentiary hearing on Jeffries's § 2255 motion. *See Hill v. Lockhart*, 474 U.S. 52, 60 (1985).

\* \* \*

The judgment of the district court is affirmed.

_____