# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1269

_____

Gregory Scott Taylor

*Petitioner - Appellee*

v.

United States of America

*Respondent - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: February 12, 2015
Filed: July 1, 2015

_____

Before GRUENDER, SHEPHERD, and KELLY, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Appellee Gregory Taylor was convicted of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Taylor filed a timely motion to vacate his sentence under 28 U.S.C. § 2255, arguing his trial counsel provided ineffective assistance. Nearly 10 months after section 2255's limitation period expired, Taylor sought to amend his motion to include an

additional ineffective assistance claim. The district court permitted Taylor to amend and granted the motion to vacate on Taylor's amended claim. The United States now appeals, arguing the district court erred in finding Taylor's amended claim related back to any of his original claims. We conclude the district court abused its discretion in finding Taylor's amended claim related back and thus, having jurisdiction pursuant to 28 U.S.C. § 1291,[1] we reverse and remand with instructions to reimpose Taylor's sentence.

## I. Background

Taylor and six co-defendants were charged with conspiring to possess methamphetamine with intent to distribute and conspiring to launder money. In a proposed plea agreement, the United States offered to dismiss the drug conspiracy count and recommend a two-year prison sentence if Taylor pled guilty to the money laundering count. In circumstances that are unclear, Taylor did not accept the plea, and the case proceeded to trial. At the close of the government's case, Taylor moved for a judgment of acquittal, which the district court granted on the money laundering count. The jury found Taylor guilty on the drug conspiracy count, and Taylor

---

[1]Taylor moved to dismiss this appeal for lack of jurisdiction, arguing the district court's order is not final because the district court never entered a separate judgment. See Fed. R. Civ. P. 58(a). Though we denied Taylor's motion, he continues to contest jurisdiction in his brief without raising any new arguments. The district court did not enter a separate judgment, so its January 30, 2014 order granting Taylor's motion to vacate became final 150 days after the order was entered. See Fed. R. Civ. P. 58(c)(2) (when Federal Rule of Civil Procedure 58(a) requires a separate document, a judgment is entered when it is set forth on a separate document or when 150 days have run from entry of the dispositive order on the civil docket, whichever comes first); Jeffries v. United States, 721 F.3d 1008, 1012-13 (8th Cir. 2013) (concluding Federal Rule of Civil Procedure 58(a)'s separate document requirement applies in section 2255 proceedings). We have jurisdiction over the government's premature appeal, filed February 4, 2014, pursuant to 28 U.S.C. § 1291. See id. at 1014.

received the mandatory minimum sentence of 120 months imprisonment. See 21 U.S.C. § 841(b)(1)(A)(viii). We affirmed his conviction and sentence on direct appeal on August 11, 2011, and denied rehearing on October 5, 2011. See United States v. Slagg, 651 F.3d 832, 832, 850 (8th Cir. 2011). Taylor did not file a petition for writ of certiorari and his conviction became final for the purposes of section 2255's limitation period on January 3, 2012. See Clay v. United States, 537 U.S. 522, 532 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); Sup. Ct. R. 13(1), (3) (90-day period for filing a petition for writ of certiorari runs from the date of the denial of rehearing if a petition for rehearing is timely filed in the lower court).

Taylor filed a timely motion to vacate pursuant to 28 U.S.C. § 2255, arguing his attorneys provided ineffective assistance of counsel in three ways: (1) failing to convey his decision to accept the plea offer to the government; (2) failing to request a "cautionary tail" instruction;[2] and (3) failing to request a lesser included offense instruction. The district court issued an order denying Taylor's second claim as a matter of law and conducted an evidentiary hearing on the two remaining claims in October 2013. In his motion and in his testimony at the evidentiary hearing, Taylor claimed that he decided to accept the plea offer the night before trial, but his attorneys failed to communicate that acceptance to the government before the 10 p.m. deadline which had conditioned the offer, forcing him to forfeit the plea and proceed to trial. His attorneys testified that Taylor was still considering the plea offer the night before trial and decided to reject the plea offer on the morning of trial because he did not want to plead guilty to something he believed he did not do, i.e., money laundering.

---

[2]A "cautionary tail" instruction is an instruction to the jury to view testimony from cooperating witnesses with "greater care and caution than the testimony of an ordinary witness." United States v. Worthing, 434 F.3d 1046, 1049 (8th Cir. 2006).

After the evidentiary hearing, Taylor moved for leave to amend his section 2255 motion to add a claim that his attorneys "were ineffective for presenting, as their defense at trial, that Taylor's use and sharing of drugs did not constitute conspiracy to possess with intent to distribute drugs." He argued this defense theory essentially conceded his guilt and thus constituted no defense. He also noted in passing that, even assuming he did not accept the plea offer, in accordance with his attorneys' version of the events, he would have accepted the plea offer if he had known his defense was going to be in effect an admission of the charged offense. The government opposed the motion on the grounds that Taylor's amended claim was untimely, as it was filed outside section 2255's one-year limitation period and did not relate back to any of his original claims. The district court granted Taylor's motion to amend, finding that "[b]ecause the amendment is closely related to Taylor's third claim in the original 2255 petition, and because it arises out of the same conduct and transaction, it relates back to the date of the original filing." The court ordered the parties to brief whether Taylor's attorneys "provided ineffective assistance of counsel by 'presenting, as their defense at trial, that Taylor's use and sharing of drugs did not constitute conspiracy to possess with the intent to distribute drugs.'" After receiving briefing on this issue, the district court granted Taylor's motion to vacate on his amended claim. The district court concluded that while Taylor's attorneys did not provide ineffective assistance in presenting a "mere user" defense at trial, their misunderstanding of conspiracy law led them to give Taylor advice during plea negotiations that was so deficient that it deprived Taylor of the ability to make an intelligent decision as to whether to accept the proposed plea.

The United States now appeals, arguing the district court abused its discretion in finding Taylor's amended claim related back to one of his original claims and thus erred in granting relief on an untimely claim.

## II. Discussion

Section 2255 motions must be filed within one year of the date the judgment becomes final. 28 U.S.C. § 2255(f)(1). Taylor's judgment became final for section 2255 purposes on January 3, 2012. He timely filed a section 2255 motion in October 2012 and sought to amend that motion in October 2013, after the limitation period had expired. "Claims made in an untimely filed motion under § 2255 may be deemed timely if they relate back to a timely filed motion as allowed by Federal Rule of Civil Procedure 15(c)." Dodd v. United States, 614 F.3d 512, 515 (8th Cir. 2010). The district court found Taylor's amended claim related back to one of his original, timely claims. "'We review a district court's application of Rule 15(c) for an abuse of discretion.'" Id. (quoting United States v. Hernandez, 436 F.3d 851, 857 (8th Cir. 2006)).

An amendment to a pleading relates back to the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "To arise out of the same conduct, transaction, or occurrence, the claims must be 'tied to a common core of operative facts.'" Dodd, 614 F.3d at 515 (quoting Mayle v. Felix, 545 U.S. 644, 664 (2005) (analyzing relation back in the context of a 28 U.S.C. § 2254 petition)). New claims must arise out of the "'same set of facts'" as the original claims, and "[t]he facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim." Id. (quoting Mandacina v. United States, 328 F.3d 995, 1000 (8th Cir. 2003)).

In this case, the government argues that the district court erred in concluding Taylor's amended claim related back to one of his original claims and thus in granting relief on an untimely claim. In his motion for leave to amend before the district court, Taylor did not argue that his amended claim related back, but instead made a tolling argument, claiming his habeas counsel provided ineffective assistance in failing to

present this issue. On appeal, he abandons that argument and fails to present any relation-back argument, claiming instead that the district court granted relief sua sponte and thus relation back is not required. We disagree.

"[W]e have held that Fed. R. Crim. P. 52, which allows a court to consider 'plain error that affects substantial rights . . . even though it was not brought to the court's attention,' provides us with a basis for granting § 2255 relief on appeal on grounds that the petitioner did not raise." United States v. Daily, 703 F.3d 451, 454 (8th Cir. 2013) (second alteration in original). We have also held that district courts have this power. Id. But the record before us does not give any indication the district court acted, or intended to act, sua sponte. The district court granted Taylor's motion to amend, and the language in its order granting Taylor's motion to vacate makes clear it was granting relief on his amended claim. The district court did not conduct a plain error analysis under Rule 52(b), nor did it alert the parties it was acting sua sponte or give them an opportunity to respond. See Day v. McDonough, 547 U.S. 198, 210 (2006) ("Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions."). The district court did not grant relief sua sponte, and thus Taylor's amended claim had to relate back to one of his original claims to be timely.

The district court granted Taylor's motion to amend "[b]ecause the amendment is closely related to Taylor's third claim in the original 2255 petition [failure to request a lesser included instruction], and because it arises out of the same conduct and transaction." In claim number three in his original petition, Taylor argued that his counsel was ineffective for failing to request a lesser included conspiracy-to-possess jury instruction because, given the evidence presented, the instruction would have been appropriate, the district court would have given it, and there was a reasonable probability the jury would have found Taylor guilty only of the lesser charge. In his amended petition, Taylor argued that the "mere user" defense theory his attorneys presented at trial afforded him no defense at all to the conspiracy charge

-6-

because their admission that he used and shared drugs essentially constituted an admission that he was guilty of conspiracy to possess drugs with intent to distribute under Eighth Circuit law.

Any similarities between these two claims are so general that we cannot say they arise out of the same set of facts or that the original petition would have provided notice of Taylor's amended claim. The original claim referred specifically to the failure to request a single specific jury instruction. The amended claim referred generally to Taylor's primary defense theory throughout the trial. The entire trial is not one transaction or occurrence for the purposes of Rule 15(c). See Mayle, 545 U.S. at 661 (rejecting argument that the trial itself is the transaction or occurrence, as that approach is "boundless" and ""views "occurrence" at too high a level of generality'" (quoting United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000))); see also Mandacina, 328 F.3d at 1002 (holding district court did not abuse its discretion in finding amended claim of pre-trial error did not relate back to original claim of separate pre-trial error, as claim relating to failure to investigate some evidence was generally similar in time but not type to claim relating to failure to discover other evidence). And the facts alleged in Taylor's original claim would not have put the government on notice that he was challenging his attorneys' entire defense strategy. See Dodd, 614 F.3d at 515 ("The facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim. Thus, it is not enough that both an original motion and an amended motion allege ineffective assistance of counsel during a trial." (citation omitted)); Hernandez, 436 F.3d at 858 (concluding relation back was not proper where "[t]he facts alleged in the original claim were not such that would put the opposition on notice" of the issue raised in the amended claim). Taylor's amended claim did not relate back to his original lesser-included-instruction claim.

Taylor's amended claim also did not relate back to either of his other original claims. His amended claim did not relate back to the second original claim, failure

to request a "cautionary tail" instruction, for the same reason it did not relate back to his third claim, namely, because the claims do not arise from the same transaction or occurrence. The facts underpinning Taylor's amended trial-conduct claim are even more distant from those supporting his first original claim, failure to convey acceptance of the plea offer. To the extent his motion to amend addressed his attorneys' conduct during plea negotiations—which, we note, was limited, as he mentioned plea negotiations in passing and asked to add only a trial-conduct claim—the two claims do not arise out of the same set of operative facts. Taylor's original claim arises from his attorneys' alleged failure to communicate his acceptance of the plea offer to the government the night before trial. It requires a finding that he in fact instructed his attorneys to accept the plea offer. His amended claim arises from his attorneys' alleged failure to properly advise him on conspiracy law, which led to his rejection of the plea offer. Significantly, it requires a finding that he decided not to accept the plea offer, which directly contradicts Taylor's assertion in his original claim that he instructed his attorneys to accept the plea offer. These two claims do not arise from the same set of facts because they depend on two different versions of the facts that are inconsistent and mutually exclusive. Thus we conclude the district court abused its discretion in finding Taylor's untimely amended claim related back to one of his original claims. Taylor's amended claim was time barred. See United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999).

## III. Conclusion

Because the only claim on which the district court granted relief was untimely and did not relate back to any of Taylor's original claims, we reverse the district court's judgment and remand with instructions to reimpose Taylor's sentence.

KELLY, Circuit Judge, concurring.

In the context of a motion under 28 U.S.C. § 2255, an evidentiary hearing is designed to flesh out details not apparent in the record.  Often those details relate to claims of ineffective assistance of counsel, which we frequently tell defendants to save for collateral proceedings "where the factual record can be fully developed." United States v. Jett, 782 F.3d 1050, 1052 (8th Cir. 2015).  It may be the case that, as it happened here, the evidentiary hearing reveals facts to the district court not otherwise known that suggest the petitioner's sentence "was imposed in violation of the Constitution . . . of the United States."  28 U.S.C. § 2255.  In that situation, a district court may grant relief on the § 2255 motion, if the new facts evince a "'plain error that affects substantial rights . . . even though it was not brought to the court's attention.'"  United States v. Daily, 703 F.3d 451, 454 (8th Cir. 2013) (quoting Fed. R. Crim. P. 52(b)).  Thus, testimony that was unexpected, unanticipated, or even unknown at the time a petitioner files a § 2255 motion might be introduced during an evidentiary hearing on that motion.  Such is the nature of evidentiary hearings, which provide the parties an opportunity to develop claims that are often highly fact-intensive.

In this case, as the court concludes, there is no evidence that the district court granted Taylor relief sua sponte pursuant to Rule 52; and Taylor does not seek plain-error review of the district court's decision not to grant sua sponte relief.  Thus, I agree that Taylor's argument relying on this theory is misplaced and does not provide a basis for affirming the district court's judgment.  Nevertheless, I find it important to reiterate that district courts maintain the ability under Rule 52 to address sua sponte an issue not raised by the petitioner.  If it becomes apparent to the district court during the course of a habeas proceeding that an error has occurred—an error

-9-

not previously raised by the petitioner—and if that error is both plain and affects a substantial right, the court has the authority to notice it and, if warranted, to provide relief.

_____