KELLY, Circuit Judge,
concurring.
In the context of a motion under 28 U.S.C. § 2255, an evidentiary hearing is designed to flesh out details not apparent in the record. Often those details relate to claims of ineffective assistance of counsel, which we frequently tell defendants to save for collateral proceedings “where the factual record can be fully developed.” United States v. Jett, 782 F.3d 1050, 1052 (8th Cir.2015). It may be the case that, as it happened here, the evidentiary hearing reveals facts to the district court not otherwise known that suggest the petitioner’s sentence “was imposed in violation of the Constitution ... of the United States.” 28 U.S.C. § 2255. In that situation, a district court may grant relief on the § 2255 motion, if- the new facts evince a “ ‘plain error that affects substantial rights ... even though it was not brought to the court’s attention.’ ” United States v. Daily, 703 F.3d 451, 454 (8th Cir.2013) (quoting Fed. R.Crim.P. 52(b)). Thus, testimony that was unexpected, unanticipated, or even unknown at the time a petitioner files a § 2255 motion might be introduced during an evidentiary hearing on that motion. Such is the nature of evidentiary hearings, which provide the parties an opportunity to develop claims that are often highly fact-intensive.
In this case, as the court concludes, there is no evidence that the district court granted Taylor relief sua sponte pursuant to Rule 52; and Taylor does not seek plain-error review of the district court’s decision not to grant sua sponte relief. Thus, I agree that Taylor’s argument relying on this theory is misplaced and does not provide a basis for affirming the district court’s judgment. Nevertheless, I find it important to reiterate that district courts maintain the ability under Rule 52 to address sua sponte an issue not raised by the petitioner. If it becomes apparent to the district court during the course of a habeas proceeding that an error has occurred — an error not previously raised by the petitioner — and if that error is both plain and affects a substantial right, the *872 court has the authority to notice it and, if warranted, to provide relief.